opinion shows that the plaintiff has failed to carry its burden on the issues contested by them.

\*       \*       \*       \*       \*       \*       \*

Now, therefore, in view of the foregoing, it is

ORDERED that plaintiff's motion pursuant to CIT Rule 56.1 for judgment upon the agency record be, and it hereby is, granted in part and denied in part in accordance with the above opinion; and it is further

ORDERED that this matter be, and it hereby is, remanded to the International Trade Administration, U.S. Department of Commerce for reconsideration of the issues raised by the plaintiff in parts (a) and (b) of its aforesaid motion; and it is further hereby

ORDERED that the defendants file any determination of the issues remanded within 45 days hereof, that the plaintiff have 15 days thereafter in which to respond and that the defendants have ten days to reply thereto; and it is further

ORDERED that plaintiff's motion to strike intervenor-defendants' cross-claim regarding storage costs be, and it hereby is, granted; and it is further

ORDERED that intervenor-defendants' motion for leave to file a first amended answer be, and it hereby is, denied; and it is further

ORDERED that plaintiff's application for a preliminary injunction be, and it hereby is, denied.

UST, INC., AND TSUBAKIMOTO CHAIN CO., PLAINTIFFS *v.* UNITED STATES; MALCOLM BALDRIDGE, SECRETARY OF COMMERCE; BRUCE S. SMART, JR., UNDER SECRETARY OF COMMERCE FOR INTERNATIONAL TRADE; PAUL FREEDENBERG, ACTING ASSISTANT SECRETARY OF COMMERCE FOR TRADE ADMINISTRATION; GILBERT L. KAPLAN, DEPUTY ASSISTANT SECRETARY FOR IMPORT ADMINISTRATION; LEONARD M. SHAMBON, DIRECTOR, OFFICE OF COMPLIANCE, DEFENDANTS, AMERICAN CHAIN ASSOCIATION, DEFENDANT-INTERVENOR

Court No. 86–08–00993

(Decided February 20, 1987)

*Barnes, Richardson and Colburn (Robert E. Burke* and *David A. Riggle* on the motion) for the plaintiffs.

*Richard K. Willard,* Assistant Attorney General *(Velta Melnbrencis* on the motion) for the defendants.

*Covington and Burling (Douglas E. Phillips* and *David E. McGiffert* on the motion) for the defendant-intervenor.

## MEMORANDUM OPINION

CARMAN, *Judge:* Plaintiffs have filed a motion for an injunction pending appeal of *UST, Inc.,* v. *United States,* 10 CIT 648, Slip Op. 86–100 (Oct. 10, 1986). The motion seeks to enjoin the Department of Commerce from "conducting an administrative review of plaintiffs pursuant to 19 U.S.C. 1675 of roller chain, other than bicycle, from Japan for the period April 1, 1985 through March 31, 1986." Plaintiffs' proposed order enjoins the Secretary of Commerce "until a final decision is reached on the appeal of Slip Op. 86–100" from (1) "conducting any § 751 administrative reviews of the plaintiffs, pursuant to 19 U.S.C. § 1675 for the antidumping finding on Roller Chain, other than bicycle from Japan for the April 1, 1985 through March 31, 1986 period", and (2) "requiring a response to any questionnaires, conducting any verifications or pursuing, in any manner, any § 751 administrative review of plaintiffs, pursuant to 19 U.S.C. § 1675 for the antidumping finding on Roller Chain, other than bicycle, from Japan for the April 1, 1985 through March 31, 1868 period * * *."

This Court has denied plaintiffs' motion and directed plaintiffs to respond to the Department of Commerce's antidumping questionnaires for the period April 1, 1985 through March 31, 1986 within 20 days of the date of filing of the order with the Clerk of this Court on February 10, 1987. This Slip Opinion constitutes the grounds for these actions pursuant to Rule 52(a) fo the rules of this Court.

## BACKGROUND

On October 10, 1986, this Court issued an order and its memorandum opinion, *UST, Inc.* v. *United States,* 10 CIT 648, Slip Op. 86–100 (October 10, 1986), in this case. In that order, as corrected by the order of November 25, 1986, this Court: (1) denied plaintiffs' application for a temporary restraining order, preliminary injunction and immediate issuance of liquidation instructions; (2) continued plaintiffs' application for a writ of mandamus until August 10, 1987; (3) ordered plaintiffs to respond to the Commerce Department's questionnaire for the period April 1, 1985 through March 31, 1986 by November 18, 1986; (4) ordered the Commerce Department to complete the review and publish: (a) the final results for the period December 1, 1979 through March 31, 1981 by November 28, 1986; (b) the preliminary results for the period April 1, 1981 through August 31, 1983 by November 28, 1986, and the final results for that period by January 26, 1987; (c) the preliminary results for the period April 1, 1985 through March 31, 1986 by March 11, 1987, and the final results for that period by July 10, 1987; and (d) the final decision with regard to Tsubakimoto's request for revocation of the outstanding antidumping order on chains, other than bicycle, from Japan within 30 days after the completion of the review for the period April 1, 1985 through March 31, 1986 and in no event

later than August 9, 1987; and (5) ordered the parties to render periodic status reports concerning the progress of the reviews to the Court. Subsequently, the Court, pursuant to motions filed by the parties, has extended: (1) the time within which the Commerce Department must complete the review and publish the final results for the period April 1, 1981 through August 31, 1983 until December 15, 1986; (2) the time within which the Commerce Department must issue the preliminary determination for the period April 1, 1985 through March 31, 1986 until Arpil 28, 1987, and the time within which it must issue the final results for the same period until August 27, 1987; and (3) twice extended the time within which plaintiffs must respond to Commerce Department's questionnaires.

Plaintiffs submitted a notice of appeal of this Court's October 10, 1986 order on December 9, 1986 and a motion for injunction pending appeal on December 24, 1986. In their memorandum of law in support of their motion, plaintiffs essentially contend an injunction should be granted because: (1) they have filed an appeal which is neither premature nor moot and if the injunction is not granted at this time, their rights will be permanently denied as the actions sought to be enjoined will have come to pass and any possible reversal by the Court of Appeals for the Federal Circuit would provide only an "academic victory;" and (2) the standards for granting an injunction pending appeal are met when applied to the facts of this case.

Defendants argue plaintiffs have failed to demonstrate they have filed a proper appeal in that this Court's October 10, 1986 order was not a final appealable order and therefore subject to dismissal for lack of jurisdiction. Defendants also argue the facts of this case do not meet the standards necessary to grant an injunction pending appeal.

## DISCUSSION

Plaintiffs have brought an appeal of this Court's Slip Opinion and Order 86–100 claiming "the denial of a preliminary injunction is a decision which is appealable as a matter of right pursuant to 28 U.S.C.A. § 1292(c)(1) and 28 U.S.C.A. § 1292(a)(1).[1] Defendants claim plaintiffs' appeal is improper and subject to dismissal because in the language of plaintiffs' Notice of Appeal they have stated they appeal "the final order entered in this action on October 10, 1986." This Order, defendants argue, was "not a final decision and judg-

---

[1] The relevant portions of 28 U.S.C.A. § 1292 (1986) read as follows:

(a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:

(1) Interlocutory orders of the district courts of the United States * * * granting, continuing, modifying, refusing, or dissolving injunctions, or refusing to dissolve or modify injunctions, except where direct review may be had in the Supreme Court * * *.

(c) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction—

(1) of an appeal from an interlocutory order or decree described in subsection (a) or (b) of this section in any case over which this court would have jurisdiction of an appeal under section 1295 of this title * * *.

ment". Plaintiffs have not appealed the preliminary injunction (because of a semantical deficiency), but an interim decision which is not final.

This Court is not persuaded by defendants' argument which seems to favor form over substance. It is clear plaintiff is appealing the Court's preliminary injunction denial and such appeal is proper, for the purpose of this application, under 28 U.S.C.A. § 1292.

An injunction pending appeal is determined by the Court in substantially the same manner employed when a preliminary injunction is issued. *British Steel Corp.* v. *United States,* 10 CIT 716, Slip Op. 86–119 at 4, (November 12, 1986). The Court, in granting injunctive relief, must take into consideration four factors: (1) the threat of immediate and irreparable harm; (2) the likelihood of success on the merits; (3) the public interest involved in granting or denying the relief; and (4) the balance of hardships on all the parties. *Zenith Radio Corp.* v. *United States,* 710 F.2d 806 (Fed. Cir. 1983); *PPG Industries, Inc.* v. *United States,* 11 CIT 5, Slip Op. 87–3 (January 9, 1987). The degree to which this Court must weigh these factors is guided by a "balance of hardship," or sliding scale approach. This methodology is explained below:

> While considering the public interest in all cases, the critical factors are the probability of the irreparable injury to the movant should the equitable relief be withheld, and the likelihood of harm to the opposing party if the court were to grant the interlocutory injunction. Although the extraordinary remedy of a preliminary injunction is not available unless the moving party's burden of persuasion is met as to all four factors, the showing of likelihood of success on the merits is in inverse proportion to the severity of the injury the moving party will sustain without injunctive relief, *i.e.,* the greater the hardship the lesser the showing.

*American Air Parcel Forwarding Co.* v. *United States,* 1 CIT 293, 299–300, 515 F. Supp 47, 53 (1981).

Plaintiffs again contend they will endure unnecessary and irreparable harm by having to "provide answers to antidumping questionnaires" provided by Commerce. This claim has been addressed in this Court's Slip Op. 86–100 as well as in *Nissan Motors Corp. U.S.A.* v. *United States,* where the Court set forth:

> The mere showing that costs will be incurred in compiling the information does not satisfy plaintiffs' burden * * * The financial burden of completing the questionnaires is not irreparable harm even if resources are diverted from business activity for this purpose. *Hyundai Pipe Co., et. al.* v. *United States,* 10 CIT 695, Slip Op. 86–114 (Nov. 5, 1986). 'The costs borne by the companies in utilizing their own employees is linked directly to the agency action in issuing the questionnaires and consequently is a normal litigation expense.' *Id.* at 9. Even unrecoupable litigation costs do not constitute irreparable injury, * * * nor do the expense and disruption associated with delay in administra-

tive proceedings * * *. Furthermore, while the * * * questionnaire format may produce difficulties in plaintiffs' ability to respond, this Court cannot prevent Commerce from employing this * * * methodology when there has been no showing that it is an unreasonable means to obtain the necessary data.

*Nissan Motor Corp. U.S.A.* v. *United States,* 10 CIT 820, Slip Op. 86–140 at 7–8 (December 23, 1986) (some citations omitted).

This Court reiterates its original determination:

> Plaintiffs [sic] imposition does not satisfy prevailing tests for immediate and irreparable harm. No showing has been made that the data is unavailable or unnecessarily burdensome to procure. Plaintiffs should have ready access to data for the periods in question. It is not enough to show merely plaintiffs may incur costs to complete the required questionnaire * * *. Expending resources for this purpose, moreover, is a slight burden in light of the requirement and public need for current data.

*UST, Inc.,* Slip Op. 86–100 at 9–10 (citations omitted).

Of further interest in this matter is the amount of time plaintiffs have allowed to elapse before petitioning this Court for an injunction due to the threat of *immediate* and irreparable harm from having to answer these questionnaires. This "harm" is essentially the same harm complained of in the original petition for the preliminary injunction.

Plaintiffs repeat their counterargument the opinion in *Matsushita Electric Industrial Co., Ltd.* v. *United States,* 10 CIT 547, Slip Op. 86–84 (August 12, 1986), appeal docketed, No. 86–1678 (Fed. Cir. September 15, 1986) controls in this case. In *Matsushita,* the Court preliminarily enjoined the Commerce Department from conducting any further administrative reviews until it made a final determination on the final revocation of a dumping finding. However, *Matsushita* is distinguishable in that "the court did not use the traditional four prong analysis and discuss whether, in light of *Freeport Minerals,* plaintiff would be successful as to requiring the ITA to determine final revocation without the benefit of current data." *Nissan Motor Corp. U.S.A.,* Slip Op. 86–140 at 10; accord, *UST, Inc.,* Slip Op. 86–100 at 11.

Plaintiffs raise an additional contention under irreparable harm in that "failure to grant the injunction pending appeal will moot the appeal" and result in a "hollow victory" as addressed by the Court in *British Steel Corp.* v. *United States,* 10 CIT 716, Slip Op. 86–119 (November 12, 1986). This Court disagrees with this contention. In *British Steel Corp.,* the Court had denied plaintiffs' request for a preliminary injunction restraining liquidation of certain entries pending a final decision on whether or not Commerce had wrongfully refused to conduct an administrative review covering the time period of those entries. The plaintiffs appealed the Court's opinion and requested an injunction pending appeal to prevent liq-

uidation of the entries until the appellate court had an opportunity to complete its review. The Court granted plaintiffs' request.

The case before us does not deal with the impending liquidation of entries. It is concerned with whether or not plaintiffs will answer Commerce's questionnaires which are necessary for Commerce to complete its responsibilities in conducting the administrative review. This Court has already held the answering of the questionnaire will not result in irreparable harm. Furthermore, if plaintiffs decide not to answer the questionnaires, they may do so, albeit, at their own peril.

Plaintiffs assert if the injunction does not issue, their appeal may well be rendered moot. This Court is cognizant of this argument, but because plaintiffs have failed to meet the four prong test concerning injunctive relief, the issuance of the injunction would seemingly only serve further delay. If plaintiffs wish, they presumably may make an application to the United States Court of Appeals for the Federal Circuit for a stay of this Court's order.

Plaintiffs claim they have met the probability of success test alluding to *Matsushita,* which does not apply in this case. On the contrary, Commerce has published notice of the preliminary results of its review for the periods of April 1, 1981 through September 1, 1983 showing a gradual increasing dumping margin. If these preliminary margins, as defendants explain in their opposition papers, are affirmed in the final determination then the revocation request would be denied. Such findings greatly reduce plaintiffs' chance of success.

Concerning the last two factors to be considered in issuing this injunction, this Court repeats:

> The public interest and balance of hardships favor the denial of this application. Commerce has been entrusted with the duty of administering the antidumping laws, a function which cannot be carried out efficiently with undue judicial interference. With such an important public duty at issue, the burden to plaintiff is small in comparison.

*UST, Inc.,* Slip Op. 86-100 at 10. If plaintiffs can delay interminably the completion of the administrative review by failing to complete the questionnaires, it would seem the public interest will not be served from such delays which impede prompt administrative determinations.

*Matsushita* has been appealed prior to the appeal of the instant case and resolution of *Matsushita* and the issues involved will satisfy any public interest in the judicial review of the *Matsushita* holding concerning its application to this conflict.

This Court, having considered all factors necessary to determine whether or not an injunction should be issued, concludes plaintiffs have not sufficiently met these four criteria. This Court also concludes, in applying the "balance of hardship" or sliding scale approach to these factors, the relative weighing of all the factors does

not reveal that the hardship alleged is so severe as to justify the lessening of the burden of proof as to success on the merits.

The Court denies plaintiffs' application for a preliminary injunction pending appeal and directs that plaintiffs shall have until 20 days after the filing of this Court's previous order with the Clerk of this Court to respond to and comply with the questionnaires required by Commerce.